**Jimmie H. WOODSON**

v.

**William J. LEIDINGER et al.**

**Civ. A. No. 74–0494–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Nov. 21, 1974.

George W. Warren, IV, Hall, Hall & Warren, Richmond, Va., for plaintiff.

Asst. City Atty., Dept. of Law, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

This matter is before the Court on plaintiff's motion for a temporary restraining order, enjoining the City Manager and various other Richmond city officials from terminating plaintiff's employment as a patrolman with the Richmond Bureau of Police, pending a full evidentiary hearing before the Personnel Board of the City of Richmond.

On 27 September 1974 plaintiff Woodson was notified that on the basis of certain specified charges reflecting upon his conduct as an officer, disciplinary proceedings would be instituted against him. Plaintiff was further notified that on 3 October 1974, he would be given the opportunity to appear before the Administrative Review Board of the Richmond Police Bureau and answer said charges.

The notice also specified that he would not be entitled to assistance of counsel, nor would he be allowed to call or cross-examine witnesses. Plaintiff elected not to attend this hearing and thus, forfeited an opportunity afforded him to clear the matter up at an initial stage.

After plaintiff failed to appear at the hearing he was advised on 4 November 1974 his employment with the Richmond Police Bureau would be terminated effective on 15 November 1974. Thereupon and in accordance with procedures and regulations of the City of Richmond, plaintiff requested that the aforesaid determination be reviewed by the Personnel Board of the City of Richmond, and that no disciplinary action be taken prior to such hearing. In response to this request, a hearing, fully comporting with due process, was set before the Personnel Board on 21 November 1974, but was continued until 21 December 1974 at the request of plaintiff's counsel.

Plaintiff's employment was terminated on 15 November, prior to any adversary-type adjudication of the charges. Plaintiff alleges that this action constituted a denial of his right to due process of law and on that basis moves this Court to restrain defendants from taking any action affecting his employment status until he is afforded a "full blown" hearing in accordance with due process guaranties of the Fifth and Fourteenth Amendments.

In Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), the Supreme Court recently upheld the constitutionality of post-termination hearing procedures almost identical to those challenged in the instant action. In *Arnett*, a federal employee was discharged prior to a full evidentiary hearing. The employee chose not to exercise his right under administrative regulations to answer the charges orally, but instead filed an administrative appeal with the Civil Service Commission, which pursuant to regulations, affords an employee a post-removal evidentiary hearing, with full back pay benefits if the employee prevails. The employee also brought an action to enjoin his discharge, asserting that he had a Fifth Amendment right to a trial-type hearing before an impartial tribunal before he could be removed from his employment. Although recognizing that the employee had a property

interest in his continued employment, Mr. Justice Powell, in a concurring opinion, pointed out that in determining whether due process required an evidentiary hearing prior to removal of an employee, the substantial interests of the government in expeditious removal of an unsatisfactory employee must be balanced against the employee's interest in continued public employment, and that the removal procedures under which the employee was terminated provided a reasonable accommodation of these competing interests by affording the employee an evidentiary hearing on administrative appeal together with reinstatement of employment status and back pay if the initial removal decision proved to have been erroneous. The majority of the Court concluded that failing to require a pretermination evidentiary hearing under these circumstances did not violate the due process clause of the Fifth Amendment.

This Court finds that the conclusions reached in *Arnett* are dispositive of the issues raised in this case. There is no doubt that plaintiff Woodson is entitled to a full evidentiary hearing before or after his dismissal. Neither is it seriously questioned but that plaintiff would be entitled to reinstatement and back pay if his appeal before the Personnel Board is successful. But to rule that plaintiff is entitled to a full hearing prior to being dismissed would in effect ignore an equally strong governmental interest in being able to act expeditiously in controlling and managing its personnel and internal affairs, including the prerogative to remove employees whose conduct hinders efficient operation, and to do so with dispatch.

█ Due process requirements are not absolute but must be balanced against sometimes equally valid competing interests. The Court finds that under the facts of this case, the post-termination hearing procedures available to discharged city employees provide a reasonable accommodation of competing interests and therefore, are in accord with procedural due process guarantees established under the Fifth Amendment.

For the above reasons, plaintiff's request for a temporary restraining order will be denied.

An appropriate order shall issue.